```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CITIZENS FINANCIAL SERVICES FSB )
nka Citizens Financial Bank,    )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:09 cv 276
                                )
ISM SERVICES, INC.; J&L         )
FASTENERS AND GENERAL           )
MAINTENANCE SUPPLIES, INC.;     )
UNITED STATES SMALL BUSINESS    )
ADMINISTRATION; FELIPE RODRIGUEZ)
LINDA RODRIGUEZ,                )
                                )
          Defendants            )
*******************************)
UNITED STATES SMALL BUSINESS    )
ADMINISTRATION,                 )
                                )
          Cross Claimant        )
                                )
     v.                         )
                                )
LINDA RODRIGUEZ, ISM SERVICES,  )
INC., J&L FASTENERS AND GENERAL )
MAINTENANCE SUPPLIES, INC.;     )
FELIPE RODRIGUEZ,               )
                                )
          Cross Defendants      )
*******************************)
UNITED STATES SMALL BUSINESS    )
ADMINISTRATION,                 )
                                )
          Counter Claimant      )
                                )
     v.                         )
                                )
CITIZENS FINANCIAL SERVICES FSB )
                                )
          Counter Defendant     )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 17] filed by the plaintiff, Citizens Financial Services, on June 23, 2010; the Motion for Summary Judgment [DE 19] filed by the United States on August 6, 2010; the Motion for Entry of Default Against Defendant, J & L Fasteners and General Maintenance Supplies, Inc. [DE 21], the Stipulation for Dismissal [DE 22], and the Motion to Supplement the Plaintiff's Motion for Summary Judgment [DE 23] filed by the plaintiff on September 27, 2010.  For the following reasons, the Motion for Summary Judgment [DE 17], the United States' Motion for Summary Judgment [DE 19], the Plaintiff's Motion for Entry of Default Against Defendant, J & L Fasteners and General Maintenance Supplies, Inc. [DE 21], the Stipulation for Dismissal [DE 22], and the Motion to Supplement [DE 23] are GRANTED.

Background

On November 9, 1994, the defendant, ISM Services, Inc., executed and delivered to Northwest Indiana Regional Development Company (RDC) a Promissory Note in the principal sum of $296,000. To secure the Note, ISM mortgaged a parcel of real property commonly known as 3535-165th Street, Hammond, Lake County, Indiana 46325.  To further secure the Note, Felipe and Linda Rodriguez executed and delivered an unconditional Guaranty.  RDC assigned

the Note, Mortgage, and Guaranty to the United States Small Business Administration (SBA).  SBA recorded the mortgage on November 9, 1994, with the Recorder of Lake County, Indiana. ISM defaulted on the Note and Mortgage, and Felipe and Linda Rodriguez have refused to pay pursuant to the terms of the Guaranty.

On July 20, 1999, ISM Services, Inc. executed and delivered a Promissory Note (Note One) to Citizens Financial Services in consideration for a loan in the amount of $324,410.50.  As security for the Note, ISM mortgaged and conveyed a parcel of real property commonly known as 3535-165th Street, Hammond, Indiana 46323.  The mortgage was recorded with the Recorder of Porter County, Indiana.  In addition to agreeing to make monthly payments on the Note, ISM agreed to pay real estate taxes and assessments and hazard insurance on the property.  Felipe and Linda Rodriguez executed a Commercial Guaranty for the Note.  ISM defaulted in the payment of the principal and interest on this Note, and Felipe and Linda Rodriguez have refused to pay pursuant to the terms of the Commercial Guaranty.

On November 7, 2003, ISM executed and delivered a second Promissory Note (Note Two) in consideration for a loan in the amount of $493,534.48.  ISM promised to make monthly installment payments of $7,464.53, with the entire outstanding principal and accrued interest due and payable on August 1, 2004.  Felipe and

3

Linda Rodriguez issued a written Guaranty for Note Two. ISM has defaulted on Note Two, and Felipe and Linda Rodriguez have refused to pay pursuant to the terms of the Guaranty.

SBA acknowledges that Citizens Financial Services' mortgage on the respective parcel is superior to SBA's.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786.  A fact is material if it is outcome determinative under applicable law.  There must be evidence on which the jury could reasonably find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. Ashman v. Barrows, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. Wheeler, 539 F.3d at 634 (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson, 477 U.S. at 250, 106 S. Ct. at 2511

See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000)

(setting out the standard for a directed verdict); Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2553; Stephens, 569 F.3d at 786; Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

To begin, the parties stipulated to dismissing Count IV of the plaintiff's complaint. In light of their agreement, the Stipulation for Dismissal [DE 22] is GRANTED, and Count IV is DISMISSED without prejudice. The plaintiff also moves to supplement its motion for summary judgment with James Pint's affidavit, as proof that it is entitled to judgment. Because the defendant has not objected, the plaintiff's motion to supplement [DE 23] is GRANTED.

On August 20, 2009, Citizens Financial filed its complaint against the defendants. J & L was served with the complaint and summons on August 27, 2009, and has not appeared by counsel in this case. The court having reviewed the evidence supporting the motion, finds J & L is in default and GRANTS Citizens Financial Services' Motion for Entry of Default [DE 21].

Citizens Financial Services and SBA both move for summary judgment to recover the amounts due on the Notes executed by ISM and the Guaranties executed by Felipe and Linda Rodriguez. ISM, Felipe, and Linda Rodriguez have not responded to Citizen Financial Services' or SBA's motion for summary judgment. Because their time to respond has expired, the court will decide the case on the facts presented.

Citizens Financial Services and SBA presented the Notes and Guaranties authenticated by ISM, Felipe, and Linda Rodriguez. ISM, Felipe, and Linda Rodriguez have not challenged their authenticity or denied that they are in default on the Notes and Guaranties. Rather, the uncontested facts establish that ISM, Felipe, and Linda Rodriguez are in default. Accordingly, Citizens Financial Services' and SBA's motions for summary judgment are GRANTED.

Pursuant to the terms of the said agreement of Note One, judgment is entered jointly and severally against the defendants, ISM, Felipe Rodriguez, and Linda Rodriguez, in favor of Citizens Financial Services, in the amount of $245,983.84, which sum consists of $240,899.84 as the outstanding principal balance, accrued interest and late charges as of April 23, 2010, $6,750 in attorney's fees, title report charges of $515.00, court costs and fees paid to the Clerk of the Porter Superior Court of $229.00,

plus $8,090.56 interest on the unpaid balance at the rate of $41.92 per day from April 23, 2010, to the date of judgment, plus costs, attorney's fees, and all other costs of collection and property preservation incurred from April 23, 2010, to the date of the Marshal's Sale, including court costs, post-judgment interest, post-judgment attorney's fees, and Marshal Sale costs, all without relief from valuation or appraisal laws, minus the positive escrow balance of $10,500.  And, on Note Two, judgment is entered jointly and severally against the defendants, ISM, Felipe Rodriguez, and Linda Rodriguez, in favor of Citizens Financial Services, in the amount of $196,361.86, which sum consists of the principal balance of $162,050.34, plus accrued interest of $14,808.53 as of April 30, 2010, with additional interest of $5,860.86 at the rate of $31.51 per day from April 30, 2010, until judgment, and $13,641.63 in monthly late charges at a rate of $2,248.62.

Pursuant to the terms of the said agreement, judgment is also entered jointly and severally against the defendants, ISM, Felipe Rodriguez, and Linda Rodriguez and in favor of SBA, in the amount of $157,408.06 which consists of $153,694.90 in principal plus accrued interest through July 9, 2010, plus $3,713.16 in interest on the unpaid balance continuing to accrue at the rate of $32.01 per day.

Citizens Financial Services and SBA are also granted a Judgment and Decree of Foreclosure:

>(1) declaring Citizens Financial Services mortgages on the subject real properties to be a first priority lien and SBA's mortgages to be second in priority against the real estate and improvements more particularly described as follows:
>
>>Lot "A" in Block 6, as shown on the recorded plat of Eastgate Subdivision, in the City of Hammond, recorded in Plat Book 30, page 16, in the Office of the Recorder of Lake County, Indiana, except the following described portion, to wit: Beginning at the Southeast corner of said Lot "A" of aforesaid; thence running West along the South line of said Lot, a distance of 125 feet; thence North and parallel to the East line thereof, a distance of 100 feet; thence East and parallel with the south line thereof to the East line of said Lot aforesaid; thence south along said East line of said Lot to the place of beginning. Commonly known as 3535-165th Street, Hammond, Indiana 46323.
>
>(Hereinafter, Mortgaged Property)
>
>(2) foreclosing the equity of redemption in connection with the Mortgaged Property of ISM, Felipe Rodriguez, Linda Rodriguez, and J

& L Fasteners and General Maintenance Supplies, and all persons claiming from, under or through them, upon expiration of the applicable redemption period;

(3) ordering the United States Marshal for the Northern District of Indiana to sell the Mortgage Property to satisfy the sums due and owing first to Citizens Financial Services and then to SBA pursuant to this judgment as soon as said sale can be had under the laws of the State of Indiana;

(4) ordering the United States Marshal for the Northern District of Indiana or his/her representative to accept notice of cancellation from Citizens Financial Services prior to the time of the scheduled sale without further order of court;

(5) instructing the United States Marshal for the Northern District of Indiana, after the court's confirmation of sale, to issue a proper Marshal's Deed or Deeds to the purchaser(s) at said sale provided however that the interest acquired by said purchaser(s)

shall be subject to the right of redemption granted to the United States of America pursuant to 28 U.S.C. §2410(g) and any lien of Porter County, Indiana, for real property taxes in connection with said Mortgaged Property;

(6) authorizing Citizens Financial Services to bid for the Mortgaged Property or any part thereof with the indebtedness due, pursuant to this judgment, said indebtedness to be credited to the bid of Citizens Financial Services;

(7) declaring the sale to be conducted without relief from valuation and appraisement laws;

(8) ordering that the proceeds generated from said sale be distributed pursuant to Indiana Code §32-30-10-14, first, to the costs and accruing costs herein, second, to Citizens Financial Services to satisfy the sums due and owing pursuant to this judgment, and if any proceeds remain, to SBA, and then, if any proceeds remain, to the Clerk of the court to

be disposed of as the court shall thereafter
direct.

It is further ordered that in the event the proceeds generated from the United States Marshal's Sale are insufficient to satisfy Citizens Financial Services' judgment so that a deficiency exists, then Citizens Financial Services shall have a personal money judgment against ISM, Felipe Rodriguez, and Linda Rodriguez in the sum of the deficiency.  And, in the event the proceeds generated from the United States Marshal's Sale are insufficient to satisfy SBA's judgment after Citizens Financial Services is paid, so that a deficiency exists, then SBA shall also have a personal money judgment against ISM, Felipe Rodriguez, and Linda Rodriguez in the sum of the deficiency.

The purchaser or purchasers at said sale shall be entitled to receive the deed to said real estate from the United States Marshal upon confirmation of said sale by the court; and said deed or conveyance shall forever bar and foreclose all of the right, title and interest of the defendants, namely, ISM, Felipe Rodriguez, and Linda Rodriguez, and of all persons claiming by, under or through them in and to the Mortgaged Property.  In addition to issuing a deed of conveyance to the purchaser(s), the United States Marshal, following court confirmation of the sale, shall if required by state law provide the purchaser(s) with an

appropriately completed Sales Disclosure Form.  For the purpose of completing said disclosure form, the United States Marshal shall be deemed the "seller" of the Mortgaged Property.  Upon execution by the United States Marshal of a deed of conveyance to the Mortgaged Property sold hereunder, if not previously redeemed by the person or persons entitled thereto, any person who may be in possession of the Mortgaged Property, or any part thereof, upon demand and exhibition of said Marshal's Deed, or a true copy thereof, shall forthwith surrender the Mortgaged Property to the holder of such deed, and in the event such person so in possession of the Mortgaged Property shall refuse to fully and peacefully surrender possession of the Mortgaged Property, the United States Marshal for the Northern District of Indiana or the Sheriff of Porter County, Indiana, shall forthwith vacate the Mortgaged Property and give full and peaceful possession thereof to the purchaser(s) under said Marshal's Sale; and

IT IS FURTHER ORDERED by the court that a duly certified copy of this Judgment and Decree of Foreclosure, under the hand of the Clerk and seal of this court, shall be sufficient authority to the United States Marshal for the Northern District of Indiana or Porter County Sheriff to execute same without further order of this court.

_____

Based on the foregoing, the Motion for Summary Judgment [DE 17], the United States' Motion for Summary Judgment [DE 19], the Plaintiff's Motion for Entry of Default Against Defendant, J & L Fasteners and General Maintenance Supplies, Inc. [DE 21], the Stipulation for Dismissal [DE 22], and the Motion to Supplement [DE 23] are GRANTED.

ENTERED this 2nd day of November, 2010

                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge